# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 09-62-GMS |
| | ) | |
| RONALD BRIGHT | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Ilana H. Eisenstein and Edward J. McAndrew, Assistant United States Attorneys for the District of Delaware, and the defendant, Ronald Bright, by and through his attorneys, Luis A. Ortiz, Esquire, and Tara Elliot, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment. Count I of the Indictment charges the defendant with false and fraudulent tax return preparation, in violation of 26 U.S.C. § 7206(2). The defendant understands that the maximum penalty for Count I is three (3) years of imprisonment, a fine of up to $100,000 plus the cost of prosecution, or both, one (1) year of supervised release, and a $100 special assessment.

2. The Government will dismiss Counts 2 through 30 of the Indictment at or about the time of sentencing.

3. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty. For Count I, the elements are: (1) the defendant aided, assisted in, or advised the preparation of an income tax return that is false or fraudulent as to a material matter; (2) knowing that the income tax return in question was false or fraudulent; and (3) the defendant acted willfully.

4. The defendant understands that the District Court must consider the United States

Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. The parties stipulate and agree that the government's evidence is sufficient to prove that the loss resulting from the defendant's offense conduct and the conduct for which the defendant is held responsible pursuant to United States Sentencing Guideline ("U.S.S.G.") Section 1B1.3(a)(2) is $60,064. The defendant understands, however, that this stipulation does not prohibit the Government from referring to evidence of additional fraudulent conduct or loss to determine where within a given guideline range the defendant should be sentenced, and/or to oppose any downward departure, adjustment, or variance from the guideline range.

6. The defendant agrees to pay restitution in the amount of $60,064.

7. The defendant agrees to pay the $100 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. Provided that the United States Attorney does not learn of prior or subsequent conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, (a) the United States agrees not to contest a reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date; and (b) if the Court determines that the defendant's offense level is 16 or higher, the United States agrees to move for a three level reduction under U.S.S.G. § 3E1.1(b).

9. The Government reserves the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal.

///

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Luis A Ortiz, Esquire
Tara Elliot, Esquire
Attorneys for Defendant

_____
Ronald A. Bright
Defendant

Dated: 1-11-11

CHARLES M. OBERLY, III
United States Attorney

By: _____
Ilana H. Eisenstein
Edward J. McAndrew
Assistant United States Attorneys

AND NOW, this 11th day of Jan, 2011, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
CHIEF UNITED STATES DISTRICT JUDGE